UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MICHELLE A. ZWEEDE,<br>        Appellant, | DOCKET NUMBER<br>DC-0752-21-0370-I-1 |
| v. | |
| DEPARTMENT OF AGRICULTURE,<br>        Agency. | DATE:  April 3, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Christopher R. Landrigan, Esquire, and Sara A. Buchholz, Esquire,
    Washington, D.C., for the appellant.

Julie Nelson, Golden, Colorado, for the agency.

Kevin Sitler, Esquire, Albuquerque, New Mexico, for the agency.

Shannon L. Swaziek, Esquire, Menomonee Falls, Wisconsin,
     for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained the appellant's 30-day suspension and reassignment based on the charge

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

of "Appearance of Conflict of Interest." Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

<u>The agency did not charge the appellant with violating 5 C.F.R. § 2635.502(a).</u>

On petition for review, the appellant argues that the administrative judge erred in finding that the agency was not required to prove that the appellant violated the ethics regulation at 5 C.F.R. § 2635.502(a). Petition for Review (PFR) File, Tab 1 at 8; Initial Appeal File (IAF), Tab 36, Initial Decision (ID) at 6-7. The administrative judge instead applied the elements of an "Appearance of Conflict of Interest" charge as established by our case law. ID at 7-8. We find that the administrative judge correctly construed the agency's charge: the agency chose the charge of "Appearance of Conflict of Interest" without reference to the violation of any specific statute, regulation, or rule. ID at 7; IAF, Tab 10 at 73. The appellant accurately notes that the proposing official included a statement that the appellant violated 5 C.F.R. § 2635.502(a) under *Douglas*[1] factor 1, the nature and seriousness of the offense, in her penalty analysis attached to the proposal notice. PFR File, Tab 1 at 8; IAF, Tab 10 at 77. However, based on our

---

[1] *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305 (1981).

well-established precedent, we find that the agency was only required to prove the "Appearance of Conflict of Interest," the label it affixed to the charge in the proposal notice. IAF, Tab 10 at 73; *see Alvarado v. Department of the Air Force*, 103 M.S.P.R. 1, ¶ 19 (2006), *aff'd*, 626 F. Supp. 2d 1140 (D.N.M. 2009), *aff'd*, 490 F. App'x 932 (10th Cir. 2012); *see also Diaz v. Department of the Army*, 56 M.S.P.R. 415, 418-20 (1993) (distinguishing between the actual charges and the factual narratives outlining those charges in determining the elements of the charges).

<u>The administrative judge applied the correct standard for the agency's charge.</u>

The appellant also argues that 5 C.F.R. § 2635.502(a) creates objective criteria that the Board should apply in evaluating whether an "Appearance of Conflict of Interest" existed. PFR File, Tab 1 at 11-14. The administrative judge correctly rejected this argument in the initial decision. ID at 6 n.6, 7 n.7. We find no legal error in the administrative judge's definition of "Appearance of Conflict of Interest." ID at 7-8 (citing *Fontes v. Department of Transportation*, 51 M.S.P.R. 655, 663-64 (1991); *Special Counsel v. Nichols*, 36 M.S.P.R. 445, 455 (1988)).

<u>The agency proved its charge.</u>

We find no errors of law or erroneous findings of material fact in the administrative judge's conclusion that the agency proved its charge. ID at 6-18. The appellant challenges the administrative judge's decision not to credit her claim that she believed that there was no actual or apparent conflict of interest. PFR File, Tab 1 at 14; ID at 15. We observe no reason to disturb the credibility determinations of the administrative judge in this case. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (stating that the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so).

<u>The agency did not violate the appellant's due process rights.</u>

Lastly, the appellant appears to be raising for the first time on review a due process violation based on the vagueness of the agency's charge. PFR File, Tab 1 at 9 n.1. She argues that, if violating 5 C.F.R. § 2635 was not the agency's charge, then the agency did not set forth a different charge of sufficient specificity to satisfy due process requirements. *Id.* Because the appellant has not shown that this argument is based on new and material evidence not previously available despite the party's due diligence, it is not a basis for disturbing the initial decision. *See Pridgen v. Office of Personnel Management and Budget*, 2022 MSPB 31, ¶ 34 n.10; *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Moreover, the appellant has not established a due process violation. The appellant's detailed written response to the charge and specifications indicated that she understood the agency's charge. IAF, Tab 10 at 31-46, 73-74. Although she argued that her relationship with her father was not a relationship described under 5 C.F.R. § 2635.502(a), she also argued more broadly that "no reasonable person" would have had a concern about her impartiality in the matters described in the agency's specifications. *Id.* at 39-40. Therefore, as the appellant responded directly to the agency's charge, we find no due process violation. *See Ingram v. Department of Defense*, 118 M.S.P.R. 149, ¶ 7 (2012); *Pinto v. Department of Labor*, 11 M.S.P.R. 422, 424 (1982) (determining that the charges were sufficiently specific because the employee's reply indicated that he understood them).

<b>NOTICE OF APPEAL RIGHTS</b>[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board
Washington, D.C.